74

STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. MARY MANGOLD, JAMES ASCUITTO AND STEPHEN LA BIANCA, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 14, 1978—Decided November 22, 1978.

Before Judges HALPERN and ARD.

*Ms. Ileana N. Saros,* Deputy Attorney General, argued the cause for appellant (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Mr. Clinton E. Cronin,* Acting Monmouth County Prosecutor; *Mr. Martin J. McGreevey,* Assistant County Prosecutor, of counsel and on the brief).

*Mr. Mark D. Sperber,* Assistant Deputy Public Defender, argued the cause for respondents Mary Mangold and James Asciutto (*Mr. Stanley C. Van Ness,* Public Defender of New Jersey, attorney).

*Mr. James M. McGovern, Jr.* argued the cause for respondent Stephen LaBianca (*Messrs. Anschelewitz, Barr, Ansell & Bonello,* attorneys).

PER CURIAM. These are consolidated interlocutory appeals by the State from a judgment suppressing evidence seized by the police during a warrantless automobile inventory search.

In this case we must strike a proper constitutional balance between the competing interests of society in the detection of crime and defendant's Fourth Amendment right to be free from unreasonable intrusions. The facts material to the issue involved are not in serious dispute and are fully set out in the opinion below and need not be repeated.

The State contends the police had the right to impound the car because it was disabled (*N. J. S. A.* 39:4–136) and

was blocking the roadway, and that they could then inventory the car for the reasons set forth in *South Dakota v. Opperman*, 428 *U. S.* 364, 96 *S. Ct.* 3092, 49 *L. Ed.* 2d 1000 (1976), and *State v. Slockbower*, 145 *N. J. Super.* 480 (App. Div. 1976), motion for leave to appeal granted, 74 *N. J.* 255 (1977). The impounding was justified but we disagree that the inventory search was valid and affirm essentially for the reasons set forth in Judge Shebell's opinion reported in 156 *N. J. Super.* 382 (Law Div. 1978).

 Because of the frequency with which warrantless auto inventory searches are coming into question, we supplement his opinion by emphasizing that under the existing admitted facts (1) the police had no reason to suspect that defendants had committed any crime or that the Ford van contained any contraband, and (2) LaBianca, the owner of the van, was not under arrest and was fully capable of taking control of his few possessions in the van. We therefore hold that in warrantless auto inventory search cases, where the police have no reason to suspect that criminality is afoot, before the police may inventory the contents of a car when the owner is present, they should give the owner the opportunity of removing his possessions from the car. A failure to give an owner, present at the scene, an opportunity to remove his possessions would be an unwarranted and unreasonable intrusion into defendant's privacy and violative of his constitutional rights.

In the instant case, where a reasonable alternative existed, we are satisfied from the record ,as was the trial judge, that the inventory conducted by the police was nothing more than a subterfuge to make an unlawful search. The holding by this court in *Slockbower, supra,* is inapposite.

Affirmed.